**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1736-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JERMAINE C. FREEMAN,

     Defendant-Appellant.

_____

> Submitted February 27, 2019 – Decided April 5, 2019
>
> Before Judges Koblitz and Currier.
>
> On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 15-04-0301 and 16-02-0147.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).
>
> Gurbir S. Grewal, Attorney General, attorney for respondent (Lauren Bonfiglio, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jermaine C. Freeman appeals from his October 18, 2017 convictions for second-degree possession of a gun for an unlawful purpose, N.J.S.A. 2C:39-4(a) and second-degree possession of marijuana with intent to distribute within 1000 feet of school property, N.J.S.A. 2C:35-7. The court sentenced defendant to an aggregate term of seven years in prison with a three and one-half year parole disqualifier. He appeals from the denial of his motion to suppress the gun found in a police search of his car. After reviewing the record in light of the contentions advanced on appeal, we affirm substantially for the reasons expressed by Judge Stuart L. Peim in his June 20, 2017 written opinion.

After listening to extensive testimony, and assessing the witnesses' credibility, Judge Peim made the following findings as to what happened on November 27, 2014, when defendant's car was searched without a warrant. Just before 9:30 a.m. the police received a 9-1-1 call that two men were fighting in the street in a high-crime area, and one was pointing a handgun at the other. Only a few minutes later, two police officers arrived and observed defendant, who matched the description relayed by the 9-1-1 caller, seated in a white Acura.

Two people on the scene yelled: "That's him, that's him." Defendant was agitated, as was the mother of his child, who disregarded orders not to approach

the car.  Approximately ten to twenty people began to crowd around the scene. The senior officer assessed the situation as extremely dangerous.  The police removed defendant from the car.  He was frisked and no gun found.  One officer stayed with defendant while the other searched the car and found a gun in the rear seat armrest.  Defendant was then arrested and handcuffed.

Defendant raises the following issue on appeal:

> POINT I:  BECAUSE OFFICERS CONDUCTED A WARRANTLESS SEARCH OF A CAR WITHOUT (1) PROBABLE CAUSE TO BELIEVE A FIREARM WAS INSIDE, AND WITHOUT (2) AN OBJECTIVELY REASONABLE BASIS TO FEAR AN IMMINENT THREAT FROM THE ALREADY-DETAINED DRIVER, THE LAW DIVISION ERRED BY DENYING THE MOTION TO SUPPRESS.  U.S. CONST., AMENDS. IV, XIV, N.J. CONST. ART. I, PAR. 7.

Both the United States Constitution and the New Jersey Constitution guarantee the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures.  U.S. Const. amend. IV; N.J. Const. art. I, ¶ 7.  Warrantless searches are presumed to be unreasonable and, therefore, are prohibited unless a recognized exception to the warrant requirement applies.  State v. Pena-Flores, 198 N.J. 6, 18 (2009).  Hence, it is the government's burden "to prove the exceptional nature of the circumstances

that exempts it from the warrant requirement." State v. Ravotto, 169 N.J. 227, 236 (2001).

The search of this automobile is governed by the law set forth in Pena-Flores.[1] Thus, the State must demonstrate that 1) the car stop is unexpected 2) the police have probable cause to believe that the car contains evidence of a crime or contraband and 3) exigent circumstances exist making it impracticable to obtain a warrant. Pena-Flores, 198 N.J. at 28. We are bound by the factual findings of the court, which had an opportunity to assess the credibility of the witnesses, unless those findings are clearly mistaken. State v. Robinson, 200 N.J. 1, 15 (2009).

The 9-1-1 caller alerted the police that a black man in his thirties with a gun, wearing a red cap and red hooded sweatshirt and driving a white Acura was chasing a man in a blue sweatshirt. An ordinary citizen is presumed to be providing accurate information. State v. Basil, 202 N.J.570, 586 (2010). Two officers arrived in separate cars to find defendant, who matched the description of the individual with a gun, in a white Acura. They hemmed in the Acura, frisked defendant after he was removed from the car, and found no gun. As the

---

[1] Pena-Flores was later overruled by State v. Witt, 223 N.J. 409, 449-50 (2015), which prospectively returned the car search standards to those set forth in State v. Alston, 88 N.J. 211 (1981).

court found, the police then had probable cause to believe the gun was in the car. A crowd was gathering in the high-crime area, and defendant was not yet arrested, creating safety concerns for the two police officers. See Pena-Flores, 198 N.J. at 11. As the court found, the police had probable cause to believe a gun was in the car, and exigent circumstances allowed them to search the car for a gun.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1736-17T3